IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ANNIE J. CHAMBERS                                                     PLAINTIFF

VERSUS                                                  CIVIL ACTION NO: 1:04cv15WJG-JMR

ANTHONY J. PRINCIPI, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS                                   DEFENDANT

MEMORANDUM OPINION

      This cause is before the Court on the motion for summary judgment [27-1] filed by the Defendant, Anthony J. Principi, former Secretary of Veterans Affairs, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 56. After due consideration of the pleadings, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows:

Statement of Facts

      On January 9, 2004, the Plaintiff, Annie J. Chambers, filed her Complaint against Defendant alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Rehabilitation Act, 29 U.S.C. § 791, *et seq.*, and the Age Discrimination in Employment Act [ADEA], 29 U.S.C. § 621, *et seq.*, arising from Defendant's alleged discriminatory practices. Particularly, Plaintiff alleges that her employment was terminated for engaging in conduct for which similarly situated young, healthy, Caucasian employees were not terminated. Additionally, Plaintiff alleges she was subjected to retaliation and a hostile work environment.

      On September 16, 1984, Plaintiff was employed as a staff nurse at the Veterans Administration Hospital in Biloxi, Mississippi, and continued in such capacity until her termination on or about June 16, 2001. In a letter dated April 27, 2001, Dr. Larry J. Fontenelle, Acting Chief of the Primary Care Service at the Hospital, levied three charges of ethical violations against Plaintiff and recommended that she be discharged from her employment. Charge I alleged that Plaintiff accepted gifts or gratuities from a

patient and identified twenty specific instances related to the charge. Charge II alleged that Plaintiff engaged in inappropriate outside activities with a patient, consisting of forming an intimate personal relationship and having repeated sexual relations with the patient. Charge III alleged abuse of a patient, relating to the romantic attachment the patient developed for Plaintiff and his proposal to marry Plaintiff. After reviewing Plaintiff's responses, supporting evidence and other relevant considerations, the Medical Center Director, Julie A. Catellier, followed the recommendation of Dr. Fontenelle and discharged Plaintiff.

In response, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission [EEOC], alleging disparate treatment based on race. After investigation and review, an administrative judge issued an opinion finding that the evidence did not support Plaintiff's allegations of racial discrimination. Notably, Plaintiff has never denied the charges levied against her, and in her deposition and EEOC Charge of Discrimination, Plaintiff admitted the general veracity of the charges. Plaintiff's primary claim has been that she was treated differently than similarly situated white employees.

In response to the Complaint, Defendant filed the instant motion to dismiss and for summary judgment asserting that Plaintiff failed to exhaust her administrative remedies and cannot make a *prima facie* showing of racially disparate treatment. The Court will examine each of the Defendant's arguments in turn.

### Standard of Review

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992). Dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. *Id.*

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. R. 56©); *Manning v. Chevron Chem. Co., LLC,* 332 F.3d 874, 877 (5th Cir. 2003).  All disputed facts are resolved in favor of the party opposing the summary judgment.  *Walker v. Thompson,* 214 F.3d 615, 624 (5th Cir. 2000).  The moving party bears the burden of establishing that there are no genuine issues of material fact.  The nonmoving party may not rely upon mere allegations or denials within the pleadings, but must come forward with specific facts showing the presence of a genuine issue for trial.  *Whelan v. Winchester Prod. Co.,* 319 F.3d 225, 228 (5th Cir. 2003).

Discussion

Defendant presents two grounds upon which it bases its present motion:  (1) Plaintiff failed to exhaust her administrative remedies related to her claims for hostile work environment, retaliation, disability discrimination and age discrimination; and (2) Plaintiff cannot make a *prima facie* showing of disparate treatment based on race.  The Court will address each of these arguments.

I.      Failure to Exhaust Administrative Remedies

Defendant argues that Plaintiff's claims based on hostile work environment, retaliation, disability discrimination and age discrimination should be denied for failure to exhaust administrative remedies. Particularly, Defendant points out that Plaintiff did not identify or describe a hostile work environment, retaliation, disability discrimination or age discrimination  in her Charge of Discrimination filed with the EEOC.  (Ct. R., Doc. 27, Exh. A, Depo. Exh. 1.)

Under Title VII, an individual bringing suit must follow certain administrative requirements, such as filing a charge with the EEOC, as a precondition to the filing of a lawsuit in district court.  *Taylor v. Books A Million,* 296 F.3d 376, 379 (5th Cir. 2002).  Such a charging requirement applies equally to claims under the Rehabilitation Act, *Prewitt v. U.S.P.S.*, 662 F.2d 292, 303-04 (5th Cir. 1981), and the ADEA.  *Clark v. Resistoflex Co.*, 854 F.2d 762, 765 (5th Cir. 1988); *Bigsby v. Runyon*, No. Civ .A.

-3-

3:92CV013-D-D, 1994 WL 1890918, at *3.  Generally, Courts have no authority to consider claims where the aggrieved party has not exhausted administrative remedies.  *See Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 863-64 (5th Cir. 1983) (finding that exhaustion of administrative remedies is a precondition to filing suit but is not a jurisdictional prerequisite, being more in the nature of a statute of limitations thus subject to waiver, estoppel, and equitable tolling).  *Cf. Tolbert v. U.S.*, 916 F2d 245, 247-48 (5th Cir. 1990) (finding that exhaustion of administrative remedies is a prerequisite to federal subject matter jurisdiction).

The Plaintiff's charge of discrimination alleges only that she was discriminated against because of her "color" and singled out because of her race.  (Ct. R., Doc. 27, Exh. A, Depo. Exh. 1.)  The Court notes that Plaintiff, although given the opportunity, failed to identify or discuss hostile work environment, retaliation, disability discrimination or age discrimination in her charge of discrimination to the EEOC.  (*Id.*)  Her description of the particulars of the alleged discrimination identify and discuss the single event of her discharge, allegedly based on racially disparate treatment.  (*Id.*)  Additionally, the EEOC investigation and opinion issued by the administrative judge dealt solely with allegations of racial discrimination.  (Ct. R., Doc. 27, Exh. A, Depo. Exh. 3; Exh. C.)

Generally, where the EEOC charge alleges only one theory of discrimination, as in the present case, a plaintiff cannot advance additional grounds of discrimination in her court action related to that charge.  *Thomas v. Texas Dep't of Crim. Justice,* 220 F.3d 389, 395 (5th Cir. 2000); *Sanchez v. Standard Brands,* 431 F.2d 455, 466 (5th Cir. 1970).  Simply put, the scope of Plaintiff's claims in this Court is limited to the scope of her charge to the EEOC, which does not include claims for hostile work environment, retaliation, disability discrimination and age discrimination.  *See id.*  Plaintiff only alleged a discrete instance of racial discrimination related to her discharge.  Plaintiff did not identify any other discriminatory conduct or allege a pervasive atmosphere of discrimination.  Consequently, this Court finds that Defendant's motion to dismiss Plaintiff's claims of hostile work environment, retaliation,

disability discrimination and age discrimination for failure to exhaust administrative remedies should be granted.  For Plaintiff's failure to exhaust administrative remedies, the Court further finds her claims should be dismissed without prejudice.

II.     Disparate Treatment Based on Race

Under Title VII, an employer cannot "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, [or] color."  42 U.S.C. § 2000e-2(a)(1).  To survive summary judgment in an action pursuant to Title VII, Plaintiff must satisfy the burden shifting test found in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and recently reaffirmed in *Reeves v. Sanderson Plumbing Prods. Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).  Under this test, Plaintiff must first establish a *prima facie* case of discrimination, and if she successfully does so, Defendant shall respond by setting forth its legitimate, non-discriminatory reason for its decision. *Septimus v. University of Houston,* 399 F.3d 601, 609 (5th Cir. 2005).  If Defendant produces a legitimate reason, any presumption of discrimination raised by Plaintiff's *prima facie* case vanishes.  *Id.*  Plaintiff may still avoid summary judgment, however, if she demonstrates a genuine issue of material fact whether the legitimate reasons proffered by Defendant are not its true reasons, but instead are a pretext for discrimination.  *Id.*

Plaintiff alleges that she was discharged based on her race and/or color.  Having offered no direct evidence of discrimination, Plaintiff may establish her *prima facie* case for discrimination by showing that she (1) is a member of a protected class; (2) was qualified for her position; (3) was subjected to an adverse employment action; and (4) was replaced by someone outside the protected class, or that other similarly situated persons were treated more favorably.  *See Septimus,* 399 F.3d at 609; *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999).  Plaintiff specifically alleges that two

similarly situated white female employees were not disciplined or were disciplined less severely for violating Defendant's ethical policies.

Plaintiff fails to establish her *prima facie* case because she cannot prove that similarly situated white employees were treated more favorably. To demonstrate that another employee outside the protected class is similarly situated, Plaintiff must show that the alleged misconduct of the employees was "nearly identical." *Wallace v. Methodist Hosp. Sys.,* 271 F.3d 212, 221 (5th Cir.2001). Plaintiff offers no evidence that the conduct for which she was terminated was nearly identical to the conduct of the white female employees who received a lesser penalty.

Specifically, Plaintiff alleges that employees Cheryl Keebler and Janette Howard dated and eventually married patients but were not discharged from employment. (Ct. R., Doc. 29, Exh. C.) Plaintiff, however, provides no greater detail than these general allegations. Indeed, there is no proof that Defendant was even aware of the prior conduct of Keebler and Howard when it occurred.[1] Additionally, Plaintiff offers no depositions or documentary or evidentiary proof of these assertions. More pointedly, Plaintiff does not assert or offer proof that either Keebler or Howard were charged with accepting gifts and gratuities from a patient on twenty specific occasions, engaging in inappropriate outside activities, including sexual relations, with a patient and abusing a patient. Plaintiff has failed to draw any meaningful similarity between her conduct and the conduct of Keebler and Howard. Because Plaintiff cannot show that any other similarly situated white employees were treated more favorably than she, Plaintiff has failed to establish a *prima facie* case of disparate treatment based on race.

---

[1]In her deposition, Plaintiff asserted that Keebler's relationship with a patient took place 4-5 years prior to her relationship with a patient, which began in 2000. (Ct. R., Doc. 27, Exh. A, pp. 50-51.) Additionally, Plaintiff's information regarding Keebler and Howard developed through conversations with co-workers, and Plaintiff could not say whether any complaints were filed, whether Defendant launched an investigation or whether Defendant was even aware of the alleged relationships. (*Id*. at pp. 52-55.) Julie Catellier, Medical Center Director, attested that she was not aware of any employee named Janet Howard but that she was aware of Keebler's relationship and marriage to a patient. (Ct. R., Doc. 27, Exh. B., p. 2.) Keebler's conduct, however, took place prior to Catellier's appointment as Medical Center Director. (*Id.*)

Assuming, *arguendo,* that Plaintiff could establish a *prima facie* case, Plaintiff has come forward with no evidence indicating that Defendant's legitimate and non-discriminatory reasons for terminating Plaintiff were a pretext for discrimination.  As previously explained, Plaintiff was charged with accepting gifts and gratuities from a patient on twenty specific occasions, engaging in inappropriate outside activities, including sexual relations, with a patient and abusing a patient.  Indeed, Plaintiff concedes the veracity of these charges.  On this matter, Plaintiff fails to offer anything that even hints at discrimination.  The mere fact that Keebler or Howard were unpunished or punished less severely whereas Plaintiff was terminated does not sufficiently raise a material fact issue concerning discriminatory intent by Defendant.  Plaintiff's belief that Defendant's decision was motivated by discrimination, however genuinely held, is not sufficient evidence of pretext.  *See Septimus,* 399 F.3d at 610.  Simply put, Plaintiff has offered no probative evidence that Defendant's decision to terminate Plaintiff was motivated by discrimination.  Consequently, the Court finds that Plaintiff has failed to raise a genuine issue of material fact regarding her claim of racial discrimination, and determines that Defendant is entitled to judgment as a matter of law.  Plaintiff's claim of disparate treatment based on race shall be dismissed with prejudice.

## Conclusion

For the reasons stated herein, the Court finds that Defendant's motion to dismiss and for summary judgment [27-1] should be granted.  A separate judgment in conformity with and incorporating by reference the above Memorandum Opinion shall issue this date.  Each party shall bear their respective costs.

Decided this the 6th day of August, 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE